UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-406-TPB-TGW

JORGE SANCHEZ LUPERCIO,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE**

This matter is before the Court on Defendant Jorge Sanchez Lupercio's motion to reduce sentence, filed on October 11, 2022.  (Doc. 433).  On November 29, 2022, the Government filed its response.  (Doc. 437).  On December 19, 2022, Defendant filed a reply.[1]  (Doc. 438).  After reviewing the motion, response, reply, case file, and the record, the Court finds as follows:

Defendant pleaded guilty to participating in a fentanyl conspiracy.  (Doc. 156).  On February 4, 2022, the Court sentenced Defendant to 48 months imprisonment, followed by 24 months supervised release.  (Doc. 311).

Defendant now seeks to reduce his sentence because he is not getting the full benefit of prison programming as an individual subject to deportation.  Upon review, the Court finds that Defendant is not entitled to relief.  The Court does not have inherent authority or jurisdiction to modify an imposed sentence.  *See, e.g.*, *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002).  A reduction of

---

[1] Although the reply was unauthorized, the Court will consider the reply in the interest of judicial economy.

his sentence is not warranted under Federal Rule of Criminal Procedure 35 or any statute. The *Smith* case is distinguishable for the reasons set out in the Government's response. *See United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). To the extent Defendant requests compassionate release, he has failed to provide any extraordinary or compelling reasons that would warrant relief. Consequently, Defendant's motion to reduce sentence is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of January, 2022.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**